[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THIRDCOUNT OF THE COMPLAINT
The plaintiff, J.P. Medgansis, filed a three count complaint against the defendants, Bridgeport Roman Catholic Diocesan Corporation (Diocese), Bishop Walter Curtis (Bishop Curtis), Bishop, Edward Egan (Bishop Egan) and Reverend Martin J. Federici (Father Federici). The complaint alleges that the plaintiff was sexually assaulted by Father Federici, a Roman Catholic priest employed by the Diocese. The alleged misconduct occurred at the St. Ambrose Church rectory where Father Federici resided, and which is owned and controlled by the Diocese. During the time the alleged misconduct occurred, Bishop Curtis and Bishop Egan each acted as the Chief Executive Officer of the Diocese. CT Page 2357
The three count complaint asserts: (1) vicarious liability as to Bishop Curtis, Bishop Egan and the Diocese, (2) negligent supervision of Father Federici by Bishop Curtis, Bishop Egan and the Diocese, and (3) a civil conspiracy between Bishop Curtis, Bishop Egan and Father Federici to create an environment in which Father Federici could sexually assault the plaintiff. The defendants now move to strike the third count of the plaintiff's complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992).[1] The court must consider the facts, which are necessarily implied and fairly provable under the allegations. S.M.S. Textile Mills, Inc. v.Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id.
The elements of a civil action for conspiracy are: "(1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which results in damage to the plaintiff." (Internal quotation marks omitted.)Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964 (1993). "Employees of a corporation acting in the scope of their employment cannot conspire with one another or with the corporation that employs them; each acts for the corporation and the corporation cannot conspire with itself." Day v. GeneralElectric Credit Corp., 15 Conn. App. 677, 684, 546 A.2d 315,318-19, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988). The defendants claim that the rule announced in Day, commonly referred to as the "intracorporate conspiracy doctrine," bars the plaintiff's claim because count three fails to allege the first element of a civil conspiracy, "a combination between two or more persons." The plaintiff argues that the intracorporate conspiracy doctrine does not apply because the third count does allege "a combination between two or more persons."[2]
CT Page 2358
Aside from Day, there is no other Connecticut appellate authority discussing the intracorporate conspiracy doctrine. There are, however, numerous federal cases applying the doctrine to find that a claim for civil conspiracy is legally insufficient. See, eg., Travis v. Gary Community Mental HealthCenter, Inc., 921 F.2d 108, 109-11 (7th Cir. 1990), cert. denied,502 U.S. 812, 112 S.Ct. 60, 116 L.Ed.2d 36 (1991); Herrmann v.Moore, 576 F.2d 453, 459 (2nd Cir.), cert. denied, 439 U.S. 1003,99 S.Ct. 613, 518 L.Ed.2d 679 (1978); Dombrowski v. Dowling,459 F.2d 190, 196 (7th Cir. 1972); Nelson Radio Supply Co. v.Motorola, Inc., 200 F.2d 911, 914-15 (5th Cir. 1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed.2d 1356 (1953);Remine v. Deckers, 871 F. Sup. 1538, 1541 (D. Conn. 1995);Lieberman v. Gant, 474 F. Sup. 848, 875, (D. Conn. 1979), aff'd,630 F.2d 50 (2nd Cir. 1980); Merkel Associates, Inc. v. BelloframCorporation, 437 F. Sup. 612, 618 (W.D.N.Y. 1977). Compare Dupreev. Hertz Corp., 419 F. Sup. 764, 766 (E.D.Pa. 1976); Jackson v.University of Pittsburgh, 405 F. Sup. 607, 612-13 (W.D.Pa. 1975);Rackin v. University of Pennsylvania, 386 F. Sup. 992, 1005
(E.D.Pa. 1974). The Second Circuit has adopted the doctrine that there can be no conspiracy "if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." (Internal quotation marks omitted.) Robins v. Max Mara, U.S.A.,Inc., 914 F. Sup. 1006, 1010 (S.D.N.Y. 1996).
In Girard v. 94th Street Fifth Ave. Corp., 530 F.2d 66 (2d. Cir.), cert. denied, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 7981 (1976), the Second Circuit Court of Appeals upheld the dismissal of a conspiracy claim based upon the intracorporate conspiracy doctrine. The court concluded that the plaintiff's claim failed to allege `a combination between two or more persons.' Id., 71-72. The plaintiff complained that a cooperative apartment corporation and its board of directors conspired to discriminate against her in violation of her civil rights. Id., 68. The complaint named the board of directors in both their official and individual capacities alleging that the board unreasonably withheld approval of her former husband's assignment of his interest in the cooperative apartment to her. Id., 70. The court held that the "plaintiff's allegations of multiple acts by the directors are not alleged to be other than the implementation of a single policy by a single policy-making body. . . . Although the decision plaintiff challenges reflected the collective judgment of `two or more persons,' the decision cannot be CT Page 2359 considered the product of a conspiracy when the board was merely carrying out the corporation's managerial policy. . . . [P]laintiff does not assert that the individual defendants were acting other than as officers and directors [of the same corporation]." (Internal quotation marks omitted.) Id., 71. Compare Novotony v. Great American Federal Savings Loan Ass'n,584 F.2d 1235, 1259 (3d. Cir. 1978) (en banc), rev'd on other grounds, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 95 (1979) (criticizing Girard).
Similarly, in Cole v. University of Hartford, 391 F. Sup. 888
(D. Conn. 1975), the court dismissed the plaintiff's complaint, for failure to state a claim upon which relief can be granted, because the intracorporate conspiracy doctrine barred the plaintiff's claim. The plaintiff in Cole alleged that the University of Hartford conspired to discriminate against him because of his race, however, the court concluded that a university, acting through its president and vice president, cannot conspire with its officers acting in their official capacity. Id., 893. The court determined that because the complaint did not allege that either officer was acting in his individual capacity, the complaint failed to allege a combination between two or more persons, which is a necessary element of a conspiracy. Id., 890-94.
The court also held that "[s]imply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation. The plaintiff must also allege that they acted other than in the normal course of their corporate duties. . . . [I]t is not alleged that the individual defendants committed any act of a personal nature except in connection with the corporate affairs." (Internal quotation marks omitted.) Id., 893. "Ordinarily, an officer of a corporation will be acting for the corporation when he acts. And therefore, there is, in contemplation of law, only one action; he is acting for the corporation, and you couldn't say that there is a conspiracy when he acts for the corporation because both he and the corporation are involved." (Internal quotation marks omitted.) Id., 892.
Federal courts recognize two exceptions to the intracorporate conspiracy doctrine, either of which, if alleged, brings the pleadings outside the scope of the doctrine because the complaint properly alleges "a combination between two or more persons." The plaintiff argues that one, or both, of these exceptions apply to CT Page 2360 his conspiracy claim.
The first exception, recognized by both the Connecticut District Court and the Second Circuit Court of Appeals, requires an allegation that an agent of the corporation has an independent personal stake in achieving the corporation's illegal objective.Buschi v. Kirven, 775 F.2d 1240, 1253 (4th Cir. 1985); Dussoy v.Gulf Coast Investment Corp., 660 F.2d 594, 603-04 (5th Cir. 1981); Girard v. 94th Street Fifth Ave. Corp., 530 F.2d 66, 71
(2d. Cir.), cert. denied, 425 U.S. 974, 96 S.Ct. 2173,48 L.Ed.2d 798 (1976); Greenville Publishing Co, Inc. v. Daily Reflector,Inc., 496 F.2d 391, 399-400 (4th Cir. 1974).
The second exception, which is not recognized by either the Connecticut District Court or the Second Circuit Court of Appeals, requires an allegation that the acts of the corporation's agents or employees were unauthorized. Buschi v.Kirven, 775 F.2d 1240, 1252 (4th Cir. 1985); Yates v. HaverstownLodge No. 212 Order of Moose, 878 F. Sup. 788, 802 (D. Md. 1995);Hodgin v. Jefferson, 447 F. Sup. 804, 807 (D. Md. 1978). These courts reason that "while authorized acts of the officials would constitute corporate action, (and hence would avoid a conspiracy charge), unauthorized acts would not." Hodgin v. Jefferson,
supra, 807. The second exception is less well recognized than the first exception. Buschi v. Kirven, supra, 1253 n. 4.
In Doe v. Board of Education of Hononegah School District207, 833 F. Sup. 1366, 1381-82 (N.D.Ill. 1993), the Illinois District court extended the intracorporate conspiracy doctrine to conspiracy claims against public administrators. The plaintiff alleged that three school administrators conspired with each other and with four other co-defendants to disregard state law by not reporting alleged sexual abuse by a teacher to the Department of Children and Family Services as required by state law.
The District Court dismissed the conspiracy count finding that the defendants "could only have conspired to coverup or conceal the offending teacher's conduct within their official capacities as school administrators. They would have been in no position to have controlled or hindered any investigation into the teacher's conduct as individual citizens. Nor did they have any authority to take any action against the teacher outside their administrative roles." Id., 1382. The court also noted that "[o]ne of the policies behind the [intracorporate conspiracy] doctrine is to preserve independent decision-making by persons or CT Page 2361 business entities, free of the pressures generated by the threat of conspiracy claims." Id.
In the present case, the third count of the plaintiffs complaint alleges that "[a]t all times mentioned herein, [Father] Federici was a Roman Catholic priest who was an employee and/or agent of the defendant Bridgeport Catholic Diocesan Corporation and that the defendants Bishop Curtis and Bishop Egan were the Chief Executive Officers of the Diocese who controlled, supervised, advised, and were responsible for the actions and conduct of all priests within the Diocese. It further alleges that Bishop Curtis, Bishop Egan and Father Federici "combined to create an environment which allowed the defendant [Father] Federici to sexually abuse, sexually exploit and sexually assault the plaintiff" by: not advising the public of Father Federici's actions; not removing Father Federici from positions which allowed him access to children; reassigning Father Federici to new parishes without warning the parishioners; not requiring Father Federici to undergo medical treatment; not suspending Father Federici for his actions; and not reporting Father Federici to the proper law enforcement authorities. Mindful that the court must view the allegations in the light most favorable to the plaintiff, the third count fails to allege "a combination between two or more individuals." Simply put, the intracorporate conspiracy doctrine bars the plaintiff's civil conspiracy claim.
The third count names the defendants only in their official capacity as officers, agents and employees of the defendant corporation. The complaint specifically states that "at all timesmentioned herein [Father] Federici was a Roman Catholic priest who was an employee and/or agent of the defendant Bridgeport Catholic Diocesan Corporation" and that Bishop Curtis and Bishop Egan were the Chief Executive Officers of the Diocesan Corporation. (Emphasis added.). The conspiratorial conduct alleged is essentially a single act by a single corporation acting exclusively through its officers and employees each acting within the scope of his employment. There is no allegation that the defendants were acting in any capacity other than as agents and employees of the Diocesan Corporation.
In addition, the third count does not allege specific facts which would bring plaintiff's claim within one of the exceptions to the intracorporate conspiracy doctrine. The third count does not allege facts from which it can be fairly inferred that the defendants were motivated by an independent personal stake in CT Page 2362 achieving the corporation's objectives or that the acts of the defendants were unauthorized. The conduct complained of concerns acts which Bishop Curtis and Bishop Egan could have undertaken only in their official capacity as officers and directors of the Diocesan Corporation. Reading the third count in the light most favorable to the plaintiff, the allegations speak only of actions taken by the defendants in their official capacities as agents and employees of the Diocesan Corporation.
Therefore, because the third count fails to allege "a combination between two or more persons," an essential element of a cause of action for civil conspiracy, the court must grant the defendants' motions to strike the third count of the plaintiff's complaint.
Based on the foregoing, the defendants' motions to strike the' third count of the plaintiff's complaint (#113 and #115) are granted.
HARTMERE, J.